UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ODELLE HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:17-cv-404 |
| CTRH, LLC D/B/A/CENTRAL TEXAS | § | |
| REHABILITATION HOSPITAL | § | |
| | § | |
| | § | |
| Defendant. | § | DEMAND FOR JURY TRIAL |

## COMPLAINT

Central Texas Rehabilitation Hospital refused to pay Plaintiff O'Delle Hall for hours worked as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and terminated Ms. Hall's employment when she reported the non-payment to human resources. This action seeks to recover the unpaid wages, overtime wages and other damages owed to Ms. Hall.

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this claim, including CTRH's failure to pay wages, occurred in this District. Further, Plaintiff is a resident of this District and Division.

## PARTIES

3.      Plaintiff O'Delle Hall is a former employee of Defendant and resides in Travis County, Texas.

4.      Defendant CTRH, LLC is an entity which may be served with process through its

registered agent, C T Corporation System, at the following address: 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. CTRH conducts substantial business in Texas both generally and in connection with the facts that gave rise to this complaint. CTRH, LLC receives more than $500,000 per year in gross recepits.

**FACTS**

5.        Plaintiff, O'Delle Hall, began working with CTRH in August 2012 as a Respiratory Therapist. Ms. Hall worked for CTRH in that position until she was terminated On September 22, 2016.

6.        During the time she worked for CTRH, Ms. Hall was required to perform a substantial amount of work while off the clock. This work included holding meetings, developing competency materials and policies and procedures, researching and purchasing software. Ms. Hall was not paid for this work done off the clock.

7.        Beginning in around 2014, because CTRH was understaffed, Ms. Hall was also required to perform additional, routine job duties off the clock, These included charting, accepting new admissions, and administering treatments to new patients. Ms. Hall was not paid for performing these duties.

8.        Ms. Hall was assigned to a new supervisor in 2015. Ms. Hall was told at the time that she could not report more than 36 hours per week of work. At the time, CTRH was still understaffed, and it was not possible for Ms. Hall to complete all of her necessary tasks within 36 hours per week. She made her new supervisor aware of this fact, and he instructed her not to bill for any overtime hours, but was aware of the fact that she had to work overtime to complete her daily tasks.

9.        In August 2016, Ms. Hall reported to CTRH's human resources manager that she was

working a lot of hours for which she was not being paid, and that her supervisor was aware of her off-the-clock work.

10.     On September 22, 2016, the human resources manager notified Ms. Hall that she was being terminated for working off the clock.

## CAUSES OF ACTION

### COUNT I
### DENIAL OF MINIMUM WAGE AND OVERTIME PAY

11.     Plaintiff incorporates the preceding paragraphs by reference.

12.     By failing to pay Ms. Hall for hours worked, CTRH violated the FLSA's minimum wage and overtime provisions.

13.     CTRH owes Ms. Hall for the time she worked but for which she was not compensated, and for overtime pay.  Because CTRH knew, or showed reckless disregard for whether, its policy of requiring Ms. Hall to work off the clock violated the FLSA, CTRH owes these wages for at least the past three years.

14.     CTRH is liable to Ms. Hall for an amount equal to all unpaid wages and overtime wages, as well as liquidated damages as permitted by the FLSA.

15.     Ms. Hall is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COUNT II
### RETALIATORY TERMINATION

16.     CTRH discharged Ms. Hall in retaliation for her report of potential violations of the Fair Labor Standards Act, in violation of 29 U.S.C. §215(a)(3).  As a result of CTRH's unlawful discharge of Ms. Hall, she has suffered injury, including but not limited to loss of employment, past and future pay loss, past and future loss of earning capacity, and past and future mental anguish.

Defendant's actions in discharging Ms. Hall in retaliation for her protected conduct were wanton and malicious and in willful derogation of Ms. Hall's rights protected by the FLSA.

## JURY DEMAND

17.     Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

2.     Judgment awarding Ms. Hall all unpaid compensation, including overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.     Judgment awarding Ms. Hall reinstatement or, in the alternative, front pay, and compensation for mental anguish;

4.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

5.     All such other and further relief to which Ms. Hall may show herself to be justly entitled.

Respectfully submitted,

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
THE LAW OFFICES OF KELL A. SIMON
902 East 5th Street
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile